FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2024 DEC 20 AM 10:19
MARGARET BOTKINS, CLERK
CHEYENNE

Bruce S. Asay W. S. B. # 5 – 1739
Gregory B. Asay W.S.B. #5-7032
Associated Legal Group, LLC
1812 Pebrican Ave.
Cheyenne, WY 82001
(307) 632-2888
(307) 632-2828 (fax)

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| Stephen Blood, (a/k/a Steve Blood and Mary Blood,<br><br>Plaintiffs,<br><br>v.<br><br>Mundt Energy Services, LLC,<br><br>Defendant. | **Civil Action No.** 24-CV-268 |

# VERIFIED COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, SECTION 504 OF THE REHABILITATION ACT AND STATE LAW CLAIMS

The Plaintiffs, Stephen Blood and Mary Blood (referred to jointly as "Plaintiffs" and Steve Blood individually as "Plaintiff") by and through their undersigned counsel, for their Complaint, against Defendant state and allege as follows:

## INTRODUCTION

1.This is an action for damages and equitable relief under the Americans with Disabilities Act of 1990 (ADA), as amended, Section 504 of the Rehabilitation Act of 1973 ("Section 504") and certain state law claims arising from Defendant's discriminatory actions against Plaintiff, Steve Blood, based on his disability, failure to provide reasonable accommodations, and wrongful termination.

**PARTIES**

2. Plaintiff, Steve Blood, is a resident of Wyoming and was employed by Defendant as a truck driver until his unlawful termination on August 24, 2022.

3. Defendant, Mundt Energy Services, LLC, is a Colorado limited liability company operating in Wyoming with its principal office in Colorado, and employs individuals within the meaning of the ADA and Section 504. Defendant receives federal funds and is subject to the Rehabilitation Act.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U. S. C. §§ 1983 and 1988 because the claims arise under the Constitution and laws of the United States, specifically the ADA, 42 U.S.C. §§ 12101–12213.

5. Venue is proper under 28 U.S.C. § 1391 as the events giving rise to this claim occurred in Wyoming.

6. As a condition precedent to filing this action, the Plaintiff, Steve Blood, has received a Right-to-Sue Letter from the Equal Opportunity Employment Commission (EEOC) dated November 19, 2024 as attached.

**FACTUAL ALLEGATIONS**

6. Plaintiff, Steve Blood, has extensive experience in the trucking industry. He has 28 years of experience working with materials and heavy equipment. He has worked as a winch truck operator, a tanker operator, a rig mover and a truck pusher and in dispatch. He began employment with Defendant as a truck driver in February 2020 and performed his duties satisfactorily throughout his tenure.

7. While working with the Defendant, the Plaintiff, Steve Blood, was diagnosed with sleep apnea, a medical condition that substantially limits one or more major life activities, including sleeping and working. Plaintiff informed Defendant of his condition and provided medical documentation supporting his diagnosis and need for reasonable accommodation.

8. Plaintiff requested an accommodation of stable, non-rotating shifts to mitigate the adverse health impacts of cycling between day and night shifts. It didn't matter the shifts-whether day or night, but they needed to be stable or changing shifts adversely affected his health.

9. While the stable shifts had been provided previously, Defendant denied Plaintiff's request for accommodation without discussion or engaging in the interactive process required by the ADA.

10. Shortly thereafter, Defendant terminated Plaintiff's employment, citing reasons pretextual in nature and directly related to Plaintiff's disability and accommodation request. There is a direct nexus between the accommodation request and the termination.

11. Defendant's actions caused the Plaintiffs to suffer economic damages, emotional distress, and ongoing harm.

**CLAIMS FOR RELIEF**

**COUNT I: Violation of the Americans with Disabilities Act – Discrimination**

12. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

13. Plaintiff was hired by Defendant in February 2020. He had extensive experience in driving heavy equipment and performed his required assignments diligently and professionally. For a number of months, Plaintiff worked a stable shift schedule and did well.

14. A month or so before he was terminated, the Defendant started moving his schedule around and swapping him back and forth from day shift to night shift. This schedule had an adverse

effect on the Plaintiff and his health and he notified the Defendant through its Wyoming manager that his unsettled schedule was putting a toll on him and his family because of his sleep disorder. He indicated that he needed to stay on either straight days or straight nights. The Defendant was aware of this need as the Plaintiff had spoken many times about this while he worked in the office. He even had indicated the neurologist that he was seeing. As the Defendant refused to accommodate the Plaintiff's request, he went to his neurologist who advised that he couldn't continue with an uncertain changing schedule and wrote him a medical note to that affect.

15. The Defendant took the doctor's note to the Defendant and provided it to them, specifically, the manager-supervisor-dispatcher or his assistant. He next received a phone call on the morning of the August 24, 2022 requesting a meeting. The Plaintiff went into the office and was informed that the Defendant would not provide a more stable schedule-even though provided in the past, and was told that the Defendant could not use him anymore. The Plaintiff cleaned his tools out of the truck he was driving and returned to the office. He asked for the paperwork and was given a disciplinary action report firing the Plaintiff. He then left the office and drove from Douglas, Wyoming to Greeley, Colorado to visit with Bryant Mundt, an officer and owner of the Company. He spoke with him about the events of the termination and was advised that his supervisor, Paul, could not terminate him in that fashion but did but did not change the termination.

16. Defendant discriminated against Plaintiff by terminating his employment because of his disability, in violation of 42 U.S.C. § 12112.

17. Defendant's actions caused the Plaintiffs to suffer economic damages, emotional distress, and ongoing harm.

**COUNT II: Violation of the Americans with Disabilities Act – Failure to Accommodate**

18. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

19. Defendant failed to engage in the interactive process and refused to accommodate Plaintiff's disability, in violation of the ADA.

**COUNT III: Violation of Section 504 of the Rehabilitation Act – Discrimination**

20. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

21. Defendant receives federal financial assistance and is subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

22. Defendant discriminated against Plaintiff based on his disability by failing to provide reasonable accommodations and terminating his employment.

23. Defendant's actions caused the Plaintiffs to suffer economic damages, emotional distress, and ongoing harm.

**COUNT IV: Violation of Section 504 of the Rehabilitation Act – Retaliation**

24. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

25. Defendant retaliated against Plaintiff for asserting his rights under Section 504 by terminating his employment and subjecting him to adverse treatment.

**CLAIM IV: Breach of Employment Contract**

26. Plaintiffs re-allege and incorporate by reference herein, all of the facts and allegations contained in the preceding paragraphs.

27. As a full-time employee, Plaintiff's employment with Defendant was subject to an express contract of employment or policy manual as provided in the personnel manual and requiring cause for termination.

28. Defendant breached the contract of employment when it terminated the Plaintiff without just cause and for an impermissible and unlawful reason.

29. As a direct and proximate result of the breach of contract by Defendants, Plaintiffs have been damaged as set forth herein

**CLAIM V: Violation of the Duty of Good Faith and Fair Dealing**

30. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

31. The aforementioned contract between Plaintiff and Defendants necessarily included a covenant of good faith and fair dealing. In light of his service, the federal statutes as well as other special considerations, the Plaintiff occupied a position of special trust and reliance with Defendant.

32. By information and belief, the Plaintiff believes and therefore alleges that his termination was directly in contravention of federal and state stature and was accomplished in such a manner as to deprive him of his status, property interest, salary and benefits to which he was entitled under his contract.

33. As a direct and proximate result of the violation of the duty good faith and fair dealing by Defendant, Plaintiffs have been damaged as set forth herein.

**CLAIM VI: Promissory Estoppel**

34. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

35. In the course of negotiations in the formation of Plaintiff Blood's employment contract, and during the course of his employment, Defendants and their agents and employees made clear and definite promises to Plaintiff that his employment was protected and if his employment was to be terminated, it would be consistent with the law.

36. The Plaintiff, in good faith relied on these promises to his disadvantage and detriment. Defendants knew or should have known and could have expected that Plaintiff would rely on these promises and therefore Defendant is bound by the promises and estopped from retracting them as injustice can only be avoided by enforcement of the representations.

37. As a direct and proximate result of Defendants failure to honor and abide by its promises, Plaintiffs have suffered damages as set forth herein.

**CLAIM VII: Intentional Infliction of Emotional Distress**

38. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

39. The Defendant egregiously treated and terminated the Plaintiff causing physical harm and emotional distress sufficient to constitute a separate action under Wyoming law.

40. As a direct and proximate result of Defendants failure to honor and abide by its promises, Plaintiffs have suffered damages as set forth herein.

**COUNT VIII: Injunctive Relief**

41. Plaintiffs incorporates and re-allege each and every preceding allegation as if fully set forth herein.

42. As the Defendant violated the Plaintiff's protected statutory and constitutional rights, the Plaintiff is entitled to injunctive relief against the Defendant in the form of reinstatement to his previous position, a discontinuation of the violation of his constitutional rights or front pay.

**CLAIM IX: Loss of Consortium**

43. Plaintiffs incorporate and re-allege each and every preceding allegation as if fully set forth herein.

44. Plaintiff, Mary Blood is the wife of the Plaintiff, Steve Blood, who sustained damage and injuries as a result of the conduct described herein. As a proximate result of the acts and omissions of Defendant, Plaintiff, Steve Blood, has been rendered unable to provide the companionship, affection, care, comfort, society, solace, and assistance that they previously offered to his wife.

45. Plaintiff, Mary Blood, has suffered and will continue to suffer loss of consortium, including the loss of marital companionship, sexual relations, and emotional support..

46. As a direct and proximate result, Plaintiff, Mary Blood, has been damaged in an amount to be proven at trial.

**DAMAGES**

47. Plaintiffs incorporate and re-allege each and every preceding allegation as if fully set forth herein.

48. Due to the actions of the Defendant, the Plaintiffs have suffered damages in an amount to be proven at trial, including; lost wages and benefits, future compensation including wages and benefits; lost economic potential, harm to their reputations, emotional distress and

psychological pain and suffering, mental anguish, and loss of enjoyment of life and consortium, and incurrence of attorney's fees and other costs including prejudgment interest.

49. Pursuant to 42 U.S.C. § 1983, Plaintiffs are entitled by statute to recover their reasonable attorney's fees and costs.

50. Pursuant to the claims relating to the unlawful deprivation of a property and liberty interest and the animas associated with removing the Plaintiff from a protected position, the Plaintiff is entitled to punitive damages.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1. Compensatory damages, including back pay, front pay, and other related benefits;
2. Punitive damages for Defendant's willful and intentional misconduct;
3. Reasonable attorneys' fees and costs;
4. Pre- and post-judgment interest as allowed by law;
5. Any further relief the Court deems appropriate.

DATED this 17th day of December, 2024.

*s/Bruce S. Asay*

Bruce S. Asay
Gregory B. Asay
Associated Legal Group, LLC
1812 Pebrican Ave.
Cheyenne, Wyoming 82001
Tel: (307) 632-2888

**Attorney for Plaintiffs**

**AFFIRMATION**

We, Steve and Mary Blood, have read and understand the provisions of the false swearing statute. We hereby certify under penalty of false swearing that we have read the foregoing Verified Complaint, including the attachments, if any, and that the representations contained therein are true and accurate to the best of our knowledge and belief.

Steve Blood

Mary Blood

State of Missouri )
)ss
County of Taney )

Subscribed and sworn to before me, a Notarial Officer (Notary), this 17th day of December, 2024 by Steve and Mary Blood.

Notarial Officer (Notary) Teresa Smith

My Commission Expires: 12/15/2026

(Seal) TERESA SMITH
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES DECEMBER 15, 2026
TANEY COUNTY
COMMISSION #14631670

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0041
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)
Issued On: 11/19/2024

To: Mr. Stephen R. Blood
210 Jolley Avenue
Douglas, WY 82633

Stephen R. Blood v Mundt Energy Services, LLC
EEOC Charge No: 32K-2023-00004

EEOC Representative and email: Robin Campbell
State, Local & Tribal Program Manager
robin.campbell@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge. The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) Please retain this notice for your records.

On Behalf of the Commission:

Melinda Caraballo
District Director

CC:
Bruce S Asay Esq.
ALG Law
1812 Pebrican Avenue
Cheyenne, WY 82001

Hannah R Engle Esq.
Christopher R. Jones, Esq.
Gordon & Rees Scully Mansukhani
555 Seventeenth Street, Suite 3400
Denver, CO 80202

ATTACHMENT A